```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
ADRIANE BONATO and BIG BRAZIL       :
FOUNDATION CORP.,                   :
                                    :
                 Plaintiffs,        :
                                    :
            -against-               :          **OPINION**
                                    :       05 Civ. 4438 (RCC)
INFINITO ART & CULTURE FOUNDATION   :
INC.,                               :
                                    :
                 Defendants.        :
                                    :
------------------------------------X
```

APPEARANCES

PELLEGRINI and ASSOCIATES
Attorneys for Plaintiffs
350 Broadway
New York, New York 10013

      FRANK LEO. PELLEGRINI
         Of Counsel

MALMAN, MALMAN & ROSENTHAL (FL)
Attorneys for Defendants
3230 Stirling Road, Suite 1
Hollywood, FL 33021

      JONATHAN H. ROSENTHAL
         Of Counsel


ROBERT L. CARTER, District Judge

**BACKGROUND**

Plaintiffs filed an initial complaint in this action on May 5, 2005 and an amendment was entered on June 23, 2005.  Thereafter, upon permission of this court, the complaint was amended again and served on August 15, 2005.  In their Second Amended Complaint, plaintiffs seek a preliminary and permanent injunction: (1) prohibiting defendant Infinito Art & Cutural Foundation, Inc. from utilizing "BRAZILIAN FILM FESTIVAL OF NEW YORK," "BRAZILIAN FILM FESTIVAL OF MIAMI AND NEW YORK", or any confusingly similar term; (2) requiring defendant to take any and all action necessary to remove any and all of defendant's references to those two phrases in connection with defendant, or any of its products or services; (3) prohibiting defendant from diluting the distinctive quality of plaintiffs' service marks "NEW YORK BRAZILIAN FILM FESTIVAL" and "BRAZILIAN FILM FESTIVAL OF NEW YORK"; (4) prohibiting defendant from engaging in unfair methods of competition with plaintiffs; and (5) ordering that all drawings, advertisements, pamphlets, brochures, catalogs, labels, disks, signs, prints, packages, wrappers, receptacles, name plates and products in defendant's possession, custody or control, and all molds, matrices, dies, disks and other means of making the same which might, if used, violate the injunction sought, be delivered up and destroyed.  Plaintiffs also seek damages plus interest, costs and attorneys' fees based on: (1) defendant's alleged infringement of plaintiffs' registered service marks, (2) defendant's alleged infringement of plaintiffs' common law rights; and (3) defendant's acts of unfair competition. Plaintiffs also seek punitive damages based on defendant's intentional acts of unfair competition. Finally, plaintiffs seek a declaratory judgment that they are the owner of a validly registered New York State service mark.  Plaintiffs refer to 28 U.S.C. § 2201 and 2202, Section 360-k of Article 24 of the New York State General Business Law (hereinafter, "N.Y. Gen. Bus. Law"), N.Y. Gen.

Bus. Law § 360-l (the New York Anti-dilution Statute), and common law unfair competition law in the Second Amended Complaint. The only asserted basis for federal jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. (Second Amended Compl. at ¶ 2; Pl.'s 6/9/05 ltr. at 1).

Specifically, plaintiffs allege that since 2004, BIG BRAZIL has been engaged in the business of establishing cultural interaction between the United States and Brazil and that on or about January 23, 2004 and December 23, 2004, plaintiff, Adriane Bonato, founder and president of BIG BRAZIL, applied for service marks for the terms "NEW YORK BRAZILIAN FILM FESTIVAL" and "BRAZILIAN FILM FESTIVAL OF NEW YORK" respectively, in compliance with N.Y. Gen. Bus. Law § 360(b). Thus, according to plaintiff, Bonato, she owns, for the purpose of use by co-plaintiff, BIG BRAZIL, all rights, title and interest in and to registration number S-18618 for "NEW YORK BRAZILIAN FILM FESTIVAL" and S-19050 for "BRAZILIAN FILM FESTIVAL OF NEW YORK" for highlighting the challenging face of Brazilian cinema and culture, namely Brazilian film.[1] Plaintiffs also claim that both "NEW YORK BRAZILIAN FILM FESTIVAL" and "BRAZILIAN FILM FESTIVAL OF NEW YORK" are famous and distinctive trademarks for entertainment services in the realm of Brazilian film exhibition in New York.

However, plaintiffs allege that defendant, Infinito Art & Cutural Foundation, Inc. has attempted and continues to attempt to establish a film festival for Brazilian cinema in New York under the names "BRAZILIAN FILM FESTIVAL OF NEW YORK" and "BRAZILIAN FILM FESTIVAL OF MIAMI AND NEW YORK" and has used those names to attempt to secure financing, and to distribute documentation and create a logo on their website[2] to lead sponsors

---

[1] Plaintiffs further allege they are the owners of the domain name http://www.nybrazilianfilmfestival.com.
[2] http://www.brazilianfilmfestival.com

and others to believe that defendant's festival is the first and "official" New York Brazilian Film Festival.  By letter dated March 24, 2003, plaintiffs advised defendant of their rights in the "NEW YORK BRAZILIAN FILM FESTIVAL" mark and "BRAZILIAN FILM FESTIVAL OF NEW YORK" mark, and demanded that defendant cease and desist all use of the names "BRAZILAIN FILM FESTIVAL OF NEW YORK" and "BRAZILIAN FILM FESTIVAL OF MIAMI AND NEW YORK" in connection with exhibitions of Brazilian cinematic works in New York.  However, defendant has refused to cease its use of the names "BRAZILAIN FILM FESTIVAL OF NEW YORK" and "BRAZILIAN FILM FESTIVAL OF MIAMI AND NEW YORK".  Plaintiffs claim that defendant's use of the names "BRAZILAIN FILM FESTIVAL OF NEW YORK" and "BRAZILIAN FILM FESTIVAL OF MIAMI AND NEW YORK" is likely to cause confusion, to cause mistake, and to deceive as to the origin, sponsorship, or improperly imply that plaintiffs somehow approve or endorse defendant's services.

On May 10, 2005, prior to being served with the initial complaint in this matter and having no knowledge that plaintiffs had instituted this action, defendant, Infinito sued Bonato in New York County Supreme Court, in Infinito Art & Cultural Foundation, Inc. v. Bonato, No. 106484/2005 ("the State action").  The State action has the same parties and deals with essentially the same set of operative facts.  In the State action, Infinito seeks: (1) to cancel a service mark, pursuant to N.Y. Gen. Bus. Law § 360-h; (2) damages for fraudulent registratation of a service mark pursuant to N.Y. Gen. Bus. Law § 360-j; (3) an injunction to prevent further injury to business reputation and dilution pursuant to N.Y. Gen. Bus. Law § 360-l; (4) damages for injury to business reputation and dilution; (5) damages for tortuous interference with business relations; and (6) for a declaratory judgment pursuant to N.Y. C.P.L.R. § 3001.

Specifically, in the State action Complaint, Infinito alleges that it has produced and promoted the Brazilian Film Festival of Miami since 1997.  (State action Compl. ¶ 9-10). Infinito further alleges that it entered into talks to bring its Brazilian Film Festival to New York in the late 1990s and that in 2003, Infinito presented the "1st Brazilian Film Festival of New York."  (State action Compl. ¶ 12).  Infinito claims that its "1st Brazilian Film Festival of New York" in partnership with the Museum of Modern Art ("MoMA") took place from July 23 through the 28th of 2003, that it was a huge success and that it was planned to be an annual continuation of Infinito's film festival in Miami.  (State action Compl. ¶ 13).  According to the State action complaint, Infinito held a second larger annual film festival in New York in July of 2004.  (State action Compl. ¶ 14-15).

Presently before the court is defendant's October 6, 2005 Motion to Dismiss plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), F.R. Civ. P.  Defendant argues that all of plaintiffs three causes of action for service mark infringement, service mark dilution and/or unfair competition fail because plaintiffs failed to affirmatively plead that defendant is *actually using* plaintiffs' claimed marks in connection with commerce in goods or services but rather that plaintiffs have merely alleged that defendant "has attempted and continues to attempt" to establish a film festival using plaintiffs' alleged marks.  (Def.'s MTD Br. at 2).

Additionally, defendant argues that this court should dismiss the Second Amended Complaint because this action presents questions of New York State law that should be addressed in the State action.  In the State action, Infinito seeks: (1) to have Bonato's service mark canceled because at the time she applied to register it she had actual knowledge that the name was already used by Infinito; (2) damages due to Bonato's fraudulent registration of same;

(3) an injunction to prevent further injury to Infinito's business reputation and dilution; (4) damages for tortuous interference with Infinito's business relations; and (5) a declaratory judgment declaring that Infinito may continue using the name "Brazilian Film Festival of New York."  Defendant contends that this court, as a court of limited jurisdiction should not exercise diversity jurisdiction in this case based entirely on New York law because it, as the foreign state party has affirmatively availed itself of the jurisdiction of New York State's courts and thus the very basis of federal diversity jurisdiction has no significance here.  Further, defendant argues that although plaintiffs did not properly allege jurisdiction based upon the Declaratory Judgment Act, 28 U.S.C. § 2201, 2202; even if they had, this court should in its discretion decline to exercise jurisdiction on that basis as well.  Defendant notes as support for its argument that this court should decline to exercise jurisdiction that the instant action cannot finalize the controversy or resolve all of the disputes between the parties because New York law requires that an action to cancel a service mark be brought in the Supreme Court of New York.  <u>See</u> N.Y. Gen. Bus. Law § 360-n ("Actions to require cancellation of a mark registered pursuant to this article . . . **shall** be brought in the supreme court.") (emphasis added). .  Thus, even if this court accepts jurisdiction and hears this matter, the parties would still be forced to litigate in New York State court to determine whether Bonato's service marks should be canceled.  In contrast, the New York Supreme Court would be able to determine the entire controversy between these parties.  Defendant also notes that the State action has been assigned an expedited track and is more procedurally advanced than the instant action.

  Plaintiffs respond that this court should not dismiss this action because their complaint does state a claim upon which relief can be granted; it was filed before the State action involving these same parties and issues; because this court can, through the use of extraordinary writs or

- 5 -

New York State Article 78 proceedings, resolve the entire dispute between the parties; and because this court has more experience in these types of cases than the court in the State action does. Plaintiffs also dispute that the State action is more procedurally advanced than the instant case.

## DISCUSSION

When similar actions are concurrently pending in state and federal court, a federal district court may, in the interests of judicial economy and sound judicial administration, defer to the state action and abstain from exercising its jurisdiction. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 12 (1983). This authority to dismiss a federal case in favor of a concurrent state court action rests on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 817 (1976) (internal quotation marks and citation omitted). However, federal courts must also weigh the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." See Colorado River Water, 424 U.S. at 817. Although the circumstances in which a dismissal of a federal suit because of the presence of a concurrent state proceeding for reasons of wise judicial administration are exceptional, they do nevertheless exist. Colorado River Water, 424 U.S. at 818. Courts have recognized that "the court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other court." Colorado River Water, 424 U.S. at 818. The policy underlying this rule is based on a concern that concurrent state and federal actions may result in inconsistent dispositions of property. See Colorado River Water, 424 U.S. at 818.

Further, in assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of

the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. Moses, 460 U.S. at 15. No one factor is necessarily determinative. Moses, 460 U.S. at 15.

Here, the underlying issue in both the pending state and federal actions is legitimacy of plaintiffs' service marks registered under New York law, essentially the determination of the legitimacy of an intellectual property right. However, under New York law, only a New York state court may cancel a registered service mark. See N.Y. Gen. Bus. Law § 360-n ("Actions to require cancellation of a mark registered pursuant to this article . . . **shall** be brought in the supreme court.") (emphasis added). Thus, dismissal of the federal action will obviate the need for duplicative or piecemeal litigation, will conserve judicial and litigants' resources, and will prevent the possibility of two different courts issuing inconsistent rulings. These considerations militate even more strongly here where the subject matter of the suits relates to the determination of a property right. See Colorado River Water, 424 U.S. at 818. Since these considerations are dispositive, the court will not address the parties remaining arguments.

For the reasons set forth above, defendant's motion to dismiss the Second Amended Complaint is granted.

**IT IS SO ORDERED**

DATED:   New York, New York
         April 5, 2007

_____
**ROBERT L. CARTER**
**U.S.D.J.**